# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY MAURICE GRAVES,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>A. CIOLLI, Warden,<br><br>　　　　Respondent. | Case No.: 1:21-cv-00010-SKO (HC)<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>[TWENTY-ONE DAY OBJECTION DEADLINE] |

　　　　Petitioner is a federal prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

　　　　Petitioner is in the custody of the Bureau of Prisons at the United States Penitentiary in Atwater, California. He filed the instant federal petition on January 4, 2021, challenging the validity of his sentence imposed by the United States District Court for the Northern District of Georgia. For reasons that follow, the Court will recommend that the petition be SUMMARILY DISMISSED.

## BACKGROUND

　　　　On December 17, 2014, Petitioner was convicted in the United States District Court for the Northern District of Georgia of conspiracy to commit robbery. (Doc. 1 at 16[1]); See also United States

---

[1] Docket citations are to ECF pagination.

1

v. Graves, Case No. 1:13-cr-00417-LMM-JSA-1 (N.D. Ga. 2013).  On the same date, Petitioner was sentenced to a prison term of 228 months, a supervised release term of 3 years.  (Doc. 1 at 16-19.)  In addition, the court imposed a special assessment fee of $100.00.  (Doc. 1 at 16.)  The sentencing court waived the fine and cost of incarceration.  (Doc. 1 at 19.)

On December 29, 2014, Petitioner appealed his conviction and sentence to the Eleventh Circuit Court of Appeals.  Graves, Case No. 1:13-cr-00417-LMM-JSA-1 (Doc. 242).  On August 14, 2015, the Eleventh Circuit affirmed the judgment.  Id., (Doc. 257).

On June 20, 2016, Petitioner filed a motion to vacate pursuant to 28 U.S.C. § 2255 in the sentencing court.  Id., (Doc. 272).  On July 9, 2018, the district court denied the § 2255 motion.  Id., (Doc. 291).  Petitioner appealed on July 19, 2018, and the appellate court dismissed the appeal on February 14, 2019.  Id., (Docs. 295, 300).

On November 3, 2020, Petitioner filed a second motion to vacate pursuant to § 2255.  Id., (Doc. 308).  On November 24, 2020, the district court restyled the action as a § 2241 petition and dismissed it for lack of venue.  Id., (Doc. 309).

On January 4, 2021, Petitioner filed the instant habeas petition.  He claims his prison sentence should be discharged because he paid the special assessment fee of $100.00.

**DISCUSSION**

I.   Screening of Petition

Rule 4 of the Rules Governing Section 2254 Cases[2] requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ."  Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990).  The Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8.  The Court will exercise its authority under Rule 4 in recommending dismissal of the petition.

---

[2] The Rules Governing Section 2254 Cases in the United States Courts (Habeas Rules) are appropriately applied to proceedings undertaken pursuant to 28 U.S.C. § 2241.  Habeas Rule 1(b).

II.     Jurisdiction

A federal prisoner who wishes to challenge the validity or constitutionality of his federal conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255.  Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988); see also Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006), *cert. denied*, 549 U.S. 1313 (2007).  In such cases, only the sentencing court has jurisdiction. Tripati, 843 F.2d at 1163; Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000).  Generally, a prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Grady v. United States, 929 F.2d 468, 470 (9th Cir. 1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir. 1980).

In contrast, a prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the district where the petitioner is in custody.  Stephens, 464 F.3d at 897; Hernandez, 204 F.3d at 865.  "The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241." Stephens, 464 F.3d at 897 (citations omitted).

Nevertheless, an exception exists by which a federal prisoner may seek relief under § 2241, referred to as the "savings clause" or "escape hatch" of § 2255.  United States v. Pirro, 104 F.3d 297, 299 (9th Cir. 1997) (quoting 28 U.S.C. § 2255); see Harrison v. Ollison, 519 F.3d 952, 956 (9th Cir. 2008); Hernandez, 204 F.3d at 864-65.  "[I]f, and only if, the remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention'" may a prisoner proceed under § 2241. Marrero v. Ives, 682 F.3d 1190, 1192 (9th Cir. 2012); see 28 U.S.C. § 2255(e).  The Ninth Circuit has recognized that it is a very narrow exception. Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir. 2003).  The exception will not apply "merely because section 2255's gatekeeping provisions," such as the statute of limitations or the limitation on successive petitions, now prevent the courts from considering a § 2255 motion.  Id., 328 F.3d at 1059 (ban on unauthorized or successive petitions does not *per se* make § 2255 inadequate or ineffective); Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Moore v. Reno, 185 F.3d 1054, 1055 (9th

Cir. 1999) (per curiam) (§ 2255 not inadequate or ineffective simply because the district court dismissed the § 2255 motion as successive and court of appeals did not authorize a successive motion).

The Ninth Circuit has held that Section 2255 provides an 'inadequate and ineffective' remedy (and thus that the petitioner may proceed under Section 2241) when the petitioner: (1) makes a claim of actual innocence; and, (2) has never had an 'unobstructed procedural shot' at presenting the claim. Harrison, 519 F.3d at 959; Stephens, 464 F.3d at 898; *accord* Marrero, 682 F.3d at 1192. The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963). If a petitioner fails to meet this burden, then his § 2241 petition must be dismissed for lack of jurisdiction. Ivy, 328 F.3d at 1060.

In this case, Petitioner is claiming that the sentencing court sentenced him to a prison term, and alternatively, the payment of a special assessment fee. Petitioner is challenging the validity and constitutionality of his sentence as imposed by the United States District Court for the Northern District of Georgia. Therefore, the appropriate procedure would be to file a motion pursuant to § 2255 in the Georgia District Court, not a habeas petition pursuant to § 2241 in this Court. Petitioner has sought and been denied relief under § 2255. Therefore, he seeks to challenge his sentence by way of the savings clause. Habeas relief pursuant to Section 2241 is unavailable, however, because Petitioner does not present a claim of actual innocence, and he has had unobstructed procedural opportunities to present his claim.

A. Actual Innocence

In the Ninth Circuit, a claim of actual innocence for purposes of the Section 2255 savings clause is tested by the standard articulated by the United States Supreme Court in Bousley v. United States, 523 U.S. 614 (1998). Stephens, 464 U.S. at 898. In Bousley, the Supreme Court explained that, "[t]o establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley, 523 U.S. at 623 (internal quotation marks omitted). Actual innocence means factual innocence, not mere legal insufficiency. Id. In this case, Petitioner makes no claim of being factually innocent of the various charges. Rather, he challenges the sentence imposed, claiming he was sentenced alternatively to a

4

prison sentence or a fee.  Under the savings clause, Petitioner must demonstrate that he is actually innocent of the crime for which he has been convicted, not the sentence imposed. See Ivy, 328 F.3d at 1060; Lorentsen, 223 F.3d at 954 (to establish jurisdiction under Section 2241, petitioner must allege that he is "'actually innocent' of the crime of conviction").  Therefore, the instant § 2241 petition does not fit within the exception to the general bar against using Section 2241 to collaterally attack a conviction or sentence imposed by a federal court.  See Stephens, 464 F.3d at 898-99 (concluding that, although petitioner satisfied the requirement of not having had an "unobstructed procedural shot" at presenting his instructional error claim under Richardson v. United States, 526 U.S. 813, 119 (1999), petitioner could not satisfy the actual innocence requirement as articulated in Bousley and, thus, failed to properly invoke the escape hatch exception of Section 2255).

B.  Unobstructed Procedural Opportunity

Petitioner fails to demonstrate that he did not have an unobstructed procedural opportunity to present his claim.  The claim stems from the sentence imposed by the Georgia District Court.  The basis for his claim was available at the time of sentencing, or when he filed an appeal and a motion to vacate pursuant to § 2255.  Nothing stood in Petitioner's way from challenging the sentence imposed during these applications for relief.

III.   Frivolous Claim

Even were the Court to consider the claim, it is patently frivolous.  Petitioner contends he was sentenced to a prison term, and alternatively, to a special assessment fee.  He claims that because he paid the $100.00 special assessment fee, the 228-month sentence should be discharged.  As previously noted, Petitioner was sentenced to a prison term, a term of supervised release, and a special assessment fee. (Doc. 1 at 16-19.)  Nothing in the judgment reflects that the special assessment fee could be paid in lieu of serving the prison sentence.

**ORDER**

IT IS HEREBY ORDERED that the Clerk of Court is DIRECTED to assign a District Judge to this case.

/////

/////

5

**RECOMMENDATION**

Based on the foregoing, the Court RECOMMENDS that the Petition for Writ of Habeas Corpus be SUMMARILY DISMISSED.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within twenty-one (21) days after being served with a copy of this Findings and Recommendation, Petitioner may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **January 6, 2021**                              /s/ *Sheila K. Oberto*
                                                                            UNITED STATES MAGISTRATE JUDGE